## INSTRUCTED VERDICT ERRONEOUS WHEN.

Circuit Court of Cuyahoga County.

FRANK FORSCHNER v. W. C. MELLICK.

Decided, January 26, 1909.

*Directing Verdict.*

It is improper to direct a verdict in favor of a party having the burden of proof.

*J. H. Saltman,* for plaintiff in error.
*H. G. Schaibley,* contra.

WINCH, J. (orally); HENRY, J., and MARVIN, J., concur.

We think that the plaintiff in error is properly here complaining of the error which was committed by the trial judge. That error consisted in the trial judge directing a verdict in favor of the plaintiff below. There were at least some issues on which the plaintiff below had the burden of proof. If I recollect correctly, there have been former decisions of this court, the titles of which I do not now remember, wherein has been adjudicated the question here presented, and we are inclined to hold to our former decisions, to the effect that it is improper to direct a verdict in favor of anybody having the burden of proof.

Now one of the issues of the case raised by the inquiry of the defendant below was whether the plaintiff was a sub-contractor; whether W. C. Mellick had a contract with the city. In that event the burden was upon Mellick to prove that the contract was with him rather than with this partnership, and when the trial court was asked to direct a verdict in his favor without any attempt on his part to prove whether or not he had a contract with the city, it committed error. Evidence should have been admitted on that point and the trial judge should have left that question to the jury to determine. It may be true that the burden was upon the defendant below to file his claim and file notice with the city, and he may not have introduced any evidence on the subject. You may be correct on that issue; but the trial judge could not direct a verdict for the plaintiff when the burden was upon you to prove that you were the contractor, and for this error the judgment must be reversed.